**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS BISHOP | ) | PLAINTIFF DEMANDS |
| | ) | TRIAL BY JURY |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 CV 6040 |
| | ) | |
| JOSEPH WHITE, CARLOS DELATORRE,) | | |
| JAMES GOCHEE, MARK MENDEZ, | ) | Judge Jorge Alonso |
| LINDA SZEFC, NEIL EVANS, | ) | |
| PHILLIP RIDER, WADE GOLAB, | ) | |
| HENRY MORRISON, and the | ) | Magistrate Jeffrey Gilbert |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>SECOND AMENDED COMPLAINT</u>**

NOW COMES Plaintiff THOMAS BISHOP by and through his attorney, SCOTT T. KAMIN, with THE LAW OFFICES OF SCOTT T. KAMIN, of counsel, and complaining against Defendants, JOSEPH WHITE, CARLOS DELATORRE, JAMES GOCHEE, MARK MENDEZ, LINDA SZEFC, NEIL EVANS, PHILLIP RIDER, WADE GOLAB, HENRY MORRISON and the CITY OF CHICAGO, states as follows:

**JURISDICTION**

1. This action arises under 42 U.S.C. §1983, 28 U.S.C. §1367, and the Fourth and Fourteenth Amendments to the United States Constitution. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3).

**VENUE**

2. Venue is provided under 28 U.S.C. §§1391(b)(1) and (b)(2) in "a judicial district where any defendant resides, if all defendants reside in the same State" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...."

3. Upon belief individual defendants reside in the State of Illinois and the Northern District of Illinois.

4. The events giving rise to the claim involved in this cause occurred in the Northern District of Illinois.

## PARTIES

5. Plaintiff THOMAS BISHOP ("Plaintiff or Bishop") was, at all times relevant to this action, a husband and father residing in the south side of Chicago, and was a resident of Cook County.

6. Upon belief, defendant JOSEPH WHITE was, at all times relevant to this action, employed by the Chicago of Chicago as a police officer with the Chicago Police Department.

7. Upon belief, defendant CARLOS DELATORRE was, at all times relevant to this action, employed by the Chicago of Chicago as a police officer with the Chicago Police Department.

8. Upon belief, defendant MARK MENDEZ was, at all times relevant to this action, employed by the Chicago of Chicago as a police officer with the Chicago Police Department.

9. Upon belief, defendant LINDA SZEFC was, at all times relevant to this action, employed by the Chicago of Chicago as a police officer with the Chicago Police Department.

10. Upon belief, defendant NEIL EVANS was, at all times relevant to this action, employed by the Chicago of Chicago as a police officer with the Chicago Police Department.

11. Upon belief, defendant HENRY MORRISON was, at all times relevant to this action, employed by the Chicago of Chicago as a police officer with the Chicago Police Department.

12. Upon belief, defendant PHILLIP RIDER was, at all times relevant to this action, employed by the Chicago of Chicago as a police officer with the Chicago Police Department.

13. Upon belief, defendant JAMES GOCHEE was, at all times relevant to this action, employed by the Chicago of Chicago as a police officer with the Chicago Police Department.

14. Upon belief, defendant WADE GOLAB was, at all times relevant to this action, employed by the Chicago of Chicago as a police officer with the Chicago Police Department.

15. Defendant CITY OF CHICAGO is a municipal corporation located in the Northern District of Illinois.

16. All individual defendants are sued in their individual capacities.

**FACTS**

17. On October 23, 2014, at about 11:54 p.m. near 7958 S. Justine in Chicago, Defendant Joseph White shot Plaintiff in his back and the back of his head from about 10 feet away. Defendant White used this deadly force while Plaintiff was turned away from him and posed no immediate threat to the officer or to anyone else, possessing no firearm or other weapon.

18. The force used by Defendant White was unnecessary, unreasonable, and performed with a malicious intent. Later Defendant White acknowledged under oath that there had been no reason for him to shoot Plaintiff. Defendant White did not see Plaintiff with a firearm nor was one found near Plaintiff.

19. Yet the day after the shooting Defendant White prepared a report claiming that he and defendants Delatorre, Brubaker, and Morrison witnessed Plaintiff discharging a firearm.

20. Defendants Delatorre and Szefc facilitated and abetted the false report and thus the arrest of Plaintiff. Defendant Delatorre, though not a witness, attested to the facts in the report and Defendant Szefc, approved probable cause for Plaintiff's arrest when there clearly was none.

21. The individual defendants decided to charge Plaintiff with nearby crimes, including first degree murder and two counts of attempted murder.

22. Pending trial on these charges, Plaintiff was held in Cook County Jail from October 24, 2014, to approximately October of 2018. During Plaintiff's four-year stint in Cook County Jail, Plaintiff faced a mandatory life sentence the entire time, Plaintiff's wife developed cancer and subsequently died from it, among the physical and emotional damages caused by all defendants.

23. On December 4, 2018, Plaintiff was acquitted of all charges and now is trying to regain his employment at Northwestern University and thus be able to care for his son

## COUNT I
## EXCESSIVE FORCE AGAINST DEFENDANT WHITE

24. Plaintiff restates and realleges all the statements made in paragraphs 17-23 of this Complaint as though fully stated therein.

25. On October 23, 2014, Defendant White shot Plaintiff in the back of his neck and the back of his head.

26. No reasonable officer would believe that deadly force was necessary to affect a seizure: Plaintiff faced away from Defendant White, possessed no firearm, and was not a threat to any officer or bystander.

27. Defendant White violated Plaintiff's right to be free from unreasonable search and/or seizure when he used excessive force against him.

4

28. As a result of this excessive force, Plaintiff suffered severe emotional and physical trauma, including three operations so far and four years in custody.

## COUNT II
## FALSE ARREST AND UNLAWFUL INCARCERATION AGAINST ALL INDIVIDUAL DEFENDANTS

29. Plaintiff restates and realleges all the statements made in paragraphs 17-23 and 24-28 of this Complaint as though fully stated therein.

30. When Plaintiff was arrested by the individual defendants, there was no probable cause.

31. Defendants Delatorre and Mendez were the actual arresting offers.

32. The remaining individual defendants abetted the false arrest.

33. The false arrest and subsequent custody resulted in Plaintiff's loss of liberty for four years and in related physical and mental damages.

## COUNT III
## DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED AGAINST DEFENDANTS WHITE

34. Plaintiff restates and realleges all the statements made in paragraphs 17-23, 24-28 and 29-33 of this Complaint as though fully set forth herein.

35. Defendants White, Gochee, Delatorre, Morrison, Mendez, Evans, Rider and Golab violated Plaintiff's 14th Amendment right to adequate medical care by being deliberately indifferent to it.

36. Right after Defendant White shot Plaintiff in the back of his head and neck, and Plaintiff fell to the ground, unconscious and bleeding profusely, Defendants White, Gochee, Delatorre and Mendez assisted in arresting Plaintiff. The defendants handcuffed Plaintiff behind his back, and forced him onto his feet, exacerbating his bleeding. None of the defendants offered medical care though they knew Plaintiff had been severely wounded.

5

37. Eventually an ambulance arrived, and Plaintiff was taken to Advocate Christ hospital.

38. Defendants Evans, Golab and Rider were at the hospital as well.

39. They knowingly interfered with treatment by interrogating Plaintiff repeatedly and conducting tests on him when the hospital staff attempted to treat him.

40. Defendants Evans, Golab and Rider forced the treaters to simply bandage Plaintiff's wounds and release him to the defendants.

41. As a proximate result of defendants' actions, Plaintiff was required to undergo multiple surgeries, suffered permanent hearing loss and permanent damage to his neck.

**COUNT V**
***MONELL* CLAIM**
**AGAINST DEFENDANT THE CITY OF CHICAGO**

42. Plaintiff restates and realleges all the statements made in paragraphs 17-23, 24-28, 29-33 and 34-41 of this Complaint as though fully stated therein.

43. Defendant CITY OF CHICAGO, through its Police Department, has an informal policy of encouraging its police officers to use unnecessary force in effecting arrests of male black citizens and to make false arrests of male black citizens.

44. Because of its informal policy of encouraging unnecessary force against and false arrests of male black citizens, the CITY OF CHICAGO fails to train its police officers not to arrest black male suspects without probable cause or not to use excessive force against him.

45. By permitting and promoting the "code of silence" among officers, unreasonable force is used and false arrests continue to be made against male black citizens.

46. The incident at issue is merely one of many instances of such misconduct.

47. This informal policy proximately caused the injuries suffered by Plaintiff.

WHEREFORE, Plaintiff THOMAS BISHOP, by and through his attorneys, THE LAW OFFICES OF SCOTT T. KAMIN, requests judgment against defendants WHITE, GOCHEE, DELATORRE, DELATORE, MORISSON, MENDEZ, SZEFC, EVANS, RIDER, GOLAB and the CITY OF CHICAGO on each and every claim as follows:

A.  That Defendants be required to pay Plaintiff general damages in a sum to be ascertained at a trial of this matter,

C.  That Defendant CITY OF CHICAGO be required to indemnify the individual defendants,

D.  That Defendants be required to pay Plaintiff his attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

E.  That the individual Defendants be required to pay Plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

F.  That Defendants be required to pay Plaintiff the costs of the suit herein incurred, and

G.  That Plaintiff be granted such other and further relief as this Court may deem just and proper.

/s/ Scott T. Kamin
Scott T. Kamin

Scott T. Kamin
Law Offices of Scott T. Kamin
53 W. Jackson Blvd, Suite 1057
Chicago, IL 60604
(312) 322-0077
Ill. Attorney No.: 6226855
scotttkamin@aol.com