# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS BISHOP, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 6040 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| JOSEPH WHITE, CARLOS DELATORRE, JAMES GOCHEE, MARK MENDEZ, LINDA SZEFC, NEIL EVANS, PHILLIP RIDER, WADE GOLAB, HENRY MORRISON, and the CITY OF CHICAGO, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against numerous Chicago police officers and the City of Chicago, asserting claims of excessive force, false arrest, and failure to provide medical care. Defendants have filed a partial motion to dismiss. For the following reasons, defendants' motion to dismiss is granted in part and denied in part.

## BACKGROUND

Plaintiff filed this suit on June 9, 2016, while in pretrial detention on charges stemming from the incident that is the subject of this case. The individual defendants are all Chicago police officers. Plaintiff alleges that, on the evening of October 23, 2014, near 7958 South Justine in Chicago, defendant Joseph White shot plaintiff in the back of the head while he was turned away from him, although plaintiff was unarmed, posed no threat and had committed no crime. According to plaintiff, White subsequently prepared a report in which he falsely claimed that he and officers Delatorre, Brubaker, and Morrison saw plaintiff discharge a firearm. Delatorre

allegedly "attested to the facts in the report" and defendant Szefc "approved probable cause for plaintiff's arrest when there clearly was none." (2d Am. Compl. ¶ 20, ECF No. 73.)

Plaintiff was arrested following the shooting. Defendants Delatorre and Mendez "were the actual arresting officers," and "the remaining individual defendants abetted the false arrest." (*Id.* ¶¶ 31-32.) In particular, according to plaintiff, defendants White, Gochee, Delatorre, and Mendez effected plaintiff's arrest by handcuffing his hands behind his back and forcing him to his feet, although he had fallen to the ground, unconscious, and was bleeding profusely from his head. Defendants provided no medical care at the scene of the shooting. Eventually, an ambulance arrived and took plaintiff to Advocate Christ Hospital. While plaintiff was a patient there, he alleges, defendants Evans, Golab, and Rider "knowingly interfered with treatment by interrogating plaintiff repeatedly and conducting tests on him when the hospital staff attempted to treat him." (*Id.* ¶¶ 38-39.) Further, Evans, Golab, and Rider "forced the treaters to simply bandage Plaintiff's wounds and release him to the defendants," preventing plaintiff from recovering from his injuries without permanent hearing loss and damage to his neck and requiring him to undergo subsequent surgeries. (*Id.* ¶¶ 40-41.)

Plaintiff was subsequently charged with first degree murder and two counts of attempted murder in an incident that took place near the location where plaintiff was shot and at about the same time. Plaintiff was held in Cook County Jail awaiting trial for approximately four years, until October 2018. The Court stayed this case during the pendency of plaintiff's state criminal case. On December 4, 2018, plaintiff was acquitted of all charges. Following the verdict, this Court lifted the stay, and defendants subsequently filed the present motion to dismiss.

## ANALYSIS

"A motion under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

"Section 1983 creates a 'species of tort liability,'" *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 417 (1976)), against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution," 42 U.S.C.

§ 1983. In his Second Amended Complaint, plaintiff asserts four claims for deprivation of his constitutional rights pursuant to § 1983: in Count I, excessive force against White; in Count II, false arrest against "all individual defendants"; in Count III, deliberate indifference to serious medical needs against White, Gochee, Delatorre, Morrison, Mendez, Evans, Rider, and Golab; and in Count IV[1], for municipal liability against the City of Chicago under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

I. **TIMELINESS OF CLAIMS AGAINST GOCHEE AND MORRISON**

Section 1983 claims borrow the statute of limitations for personal-injury torts in the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Illinois, the relevant statute of limitations period is two years. *See id.*; *Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018). Defendants argue that, to the extent plaintiff asserts claims in Counts II and III against Gochee and Morrison, the claims are time-barred because plaintiff did not name them in either of the complaints he filed in 2016; he first asserted claims against them in February 2019, more than four years after he was shot and arrested on October 23, 2014.

In response, plaintiff argues that, under *Manuel v. City of Joliet*, 903 F.3d 667 (7th Cir. 2018), his false arrest claim did not accrue until he was released from detention. Plaintiff is correct. *See id.* at 670 ("The wrong of detention without probable cause continues for the duration of the detention. That's the principal reason why the claim accrues when the detention ends."). Plaintiff was not released from detention until October 2018, so the Second Amended Complaint he filed in February 2019 was well within the two-year limitations period.[2] To whatever extent plaintiff

---

[1] Plaintiff's Second Amended Complaint mislabels the count asserting the *Monell* claim as "Count V." The complaint contains only four counts.
[2] Defendants argue in their reply brief that plaintiff has not asserted the sort of "unlawful pretrial detention" claim the plaintiff asserted in *Manuel*, but they do not explain the difference, nor does the Court see any.

4

can assert a false arrest claim against Gochee and Morrison (as the Court will explain below, he has not succeeded in doing so in the Second Amended Complaint), the claim is not yet time-barred.

The timeliness of plaintiff's medical claims against Gochee and Morrison is another matter, but it is better left for a later stage of the case, both because plaintiff has not stated a denial of medical care claim against Morrison, as the Court will explain below, and because the Court lacks sufficient information to evaluate the timeliness of any such claim at this time. Defendants argue that these claims do not relate back to the filing of the original complaint, but whether claims in an amended pleading relate back because of a "mistake concerning the proper party's identity," Fed. R. Civ. P. 15(c)(1)(C)(ii), depends on "what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Williams v. City of Chi.*, No. 14 C 6959, 2017 WL 1545772, at *2 (N.D. Ill. Apr. 28, 2017) (citing *Clair v. Cook Cty., Ill.*, No. 16 C 1334, 2017 WL 1355879, at *3 (N.D. Ill. Apr. 13, 2017)). The Court cannot determine at this early stage "what the defendants knew or should have known and when they knew it," so it will "await a more developed record" before ruling on the statute of limitations issues Gochee and Morrison have raised, if necessary. *Id.* (citing *Ryan v. City of Chi.*, No. 15 C 9762, 2016 WL 6582570, at *2 (N.D. Ill. Nov. 7, 2016)).

## II. PLAUSIBILITY OF FALSE ARREST CLAIMS

"To prevail on a false-arrest claim under § 1983, a plaintiff must show that there was no probable cause for his arrest." *Neita v. City of Chi.*, 830 F.3d 494, 497 (7th Cir. 2016). "An officer has probable cause to arrest if at the time of the arrest, the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* (internal quotation marks omitted).

Under § 1983, "[a] plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003). "Vague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct," do not suffice to state a claim. *See Grieveson v. Anderson*, 538 F.3d 763, 777-78 (7th Cir. 2008) (citing *Alejo*). Plaintiffs must provide sufficient factual detail to support a plausible inference that "the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Ill.*, 830 F.3d 464, 469 (7th Cir. 2016). To show the requisite level of personal responsibility, plaintiff must meet § 1983's "mental state requirement," which requires allegations of "more than mere negligence"; plaintiff must show that defendants acted or omitted to act with "knowledge [of] or deliberate, reckless indifference" to the wrongfulness of their conduct. *Id.* (citing *Jones v. City of Chi.*, 856 F.2d 985, 992 (7th Cir. 1988)). Plaintiff purports to assert his false arrest claim against "all individual defendants," but, as defendants correctly argue, plaintiff fails to allege sufficiently specific facts demonstrating that each officer bore personal responsibility for the constitutional deprivation as required under § 1983.

Plaintiff alleges that four officers personally participated in effecting his arrest; in particular, he alleges that "Defendants Delatorre and Mendez were the actual arresting officers" (2d Am. Compl. ¶ 31), and that "Defendants White, Gochee, Delatorre, and Mendez assisted in arresting Plaintiff" (*id.* ¶ 36) by handcuffing him, forcing him to his feet, and removing him from the scene. Further, plaintiff alleges that he remained in the custody of defendants Evans, Golab, and Rider during and after his treatment at the hospital. This, too, qualifies as participating in the arrest for purposes of a false arrest claim, after the United States Supreme Court's decision in *Manuel v. City of Joliet*, 137 S.Ct. 911, 918-19 (2017), which held that "the Fourth Amendment

6

protects not only against an initial arrest without probable cause, but also continued detention in its absence." *See Hurt v. Wise*, 880 F.3d 831, 843 (7th Cir. 2018), *overruled on other grounds by Lewis v. City of Chi.*, 914 F.3d 472, 475 (7th Cir. 2019). Plaintiff baldly alleges that the remaining defendants "abetted the false arrest" (2d Am. Compl. ¶ 32), but without accompanying factual detail, that is a mere legal conclusion that the Court ignores for purposes of determining whether plaintiff states a claim. *See Iqbal*, 556 U.S. at 678-79. Thus, plaintiff makes specific allegations of personal participation in the arrest against only seven of the nine individual defendants.

Of these seven, plaintiff makes allegations sufficient to establish knowledge of the wrongfulness of the arrest or deliberate, reckless indifference to it against only two: White and Delatorre. Plaintiff alleges that White submitted a false report in which he justified the arrest (and the shooting) by claiming that he and other officers[3] had seen plaintiff discharging a firearm, and he alleges that Delatorre falsely "attested to the facts in the report." Plaintiff alleges that he was not in possession of a firearm on the night of the incident, and if a jury believes him, it could conclude that White and Delatorre lied about seeing him with one. But plaintiff does not allege even conclusorily that the other defendants took action with any reason to doubt that plaintiff had discharged a firearm or otherwise committed a crime. So far as the allegations show, the other defendants might all have acted in reasonable reliance on the word of White or Delatorre, and an "officer [is] entitled to rely on information from [a] fellow law enforcement officer," in the absence of any circumstances that would make that reliance unreasonable. *Abbott v. Sangamon Cty., Ill.*,

---

[3] According to the complaint, the other officers White mentioned in his report are "defendants Delatorre, Brubaker, and Morrison." (2d Am. Compl. ¶ 19.) The complaint does not otherwise mention any Officer Brubaker, nor does his name appear in the caption. The reference to "defendant" Brubaker appears to be an error; to the extent plaintiff intends to assert any claim against Brubaker, it is dismissed as insufficiently pleaded. *See Lattimore v. Vill. of Streamwood*, No. 17 C 8683, 2018 WL 2183991, at *4 (N.D. Ill. May 11, 2018) (mere inclusion of additional defendant's name not enough to state a claim).

7

705 F.3d 706, 716 (7th Cir. 2013) (citing *Holmes v. Vill. of Hoffman Estate*, 511 F.3d 673, 680 (7th Cir. 2007) ("Having just arrived on the scene, Teipel was entitled to rely on Piatek's statement as to what had already occurred and to make an arrest on that basis.")); *see Wilson*, 830 F.3d at 469 (officer's participation in improper seizure due to "miscommunication" about whether the seizure was authorized by a court order did not give rise to constitutional claim under § 1983 because officer was "no more than negligent"); *Wade v. Ramos*, No. 16 C 9022, 2019 WL 1318368, at *15 (N.D. Ill. Mar. 22, 2019) (citing *Morfin v. City of E. Chi.*, 349 F.3d 989, 1000-02 (7th Cir. 2003) (holding that two police officers could not be liable for unlawful arrest effected by other officers when the first merely transported the plaintiff from the site of the arrest and the other had relied on second-hand report from a fellow officer, which he had no reason to question)); *Lattimore v. Vill. of Streamwood*, No. 17 C 8683, 2018 WL 2183991, at *4 (N.D. Ill. May 11, 2018) (St. Eve, J.) ("Although Plaintiffs specifically allege that Defendant Officer Klein made false statements and fabricated evidence, they fail to identify what the other Defendant Officers [who were at the scene of the arrest] did or did not do in relation to their constitutional claims."). The complaint contains no allegations bearing on what these other defendants knew one way or another or when they knew it, and because plaintiff pleads no more than a "sheer possibility" that they took action with the requisite mental state in violation of plaintiff's constitutional rights, his false arrest claim falls short of the plausibility standard as to defendants other than White and Delatorre. *Iqbal*, 556 U.S. at 678; *see Lattimore*, 2018 WL 2183991, at *4.

The same is true of defendant Szefc, who allegedly "approved probable cause for plaintiff's arrest when there clearly was none." Whether there was probable cause from Szefc's point of view at the time she learned of the incident is a legal conclusion that the Court need not accept as true, and plaintiff has not alleged any factual details to support any conclusion that Szefc knew there

was no probable cause to arrest plaintiff. A supervisor is not liable for a subordinate's violation of § 1983 merely because she approves another officer's finding of probable cause. *See Samuel v. City of Chi.*, 41 F. Supp. 2d 798, 800 (N.D. Ill. 1999) (citing *Jenkins v. Keating*, 147 F.3d 577, 583-84 (7th Cir. 1998)). So far as the allegations show, Szefc was acting in reasonable reliance on White and Delatorre's report, as she was entitled to do. *See Morfin*, 349 F.3d at 1001-02; *see also Wilson*, 830 F.3d at 469, *Abbott*, 705 F.3d at 716.

On his false arrest claim, plaintiff meets his pleading burden only as to defendants White and Delatorre. The motion to dismiss the false arrest claim is denied as to White and Delatorre, but granted as to the other defendants.

### III. PLAUSIBILITY OF MEDICAL CLAIMS

Defendants argue that plaintiff's claim for failure to provide necessary medical care is deficiently pleaded because it is unclear which defendant failed to provide care. In Count III, plaintiff alleges that defendants White, Gochee, Delatorre, Morrison, Mendez, Evans, Rider, and Golab "violated Plaintiff's 14th Amendment right to adequate medical care by being deliberately indifferent to it." (2d Am. Compl. ¶ 35.) Specifically, he alleges that defendants "White, Gochee, Delatorre and Mendez assisted in arresting Plaintiff [by] handcuff[ing] him behind his back, and forc[ing] him to his feet, exacerbating his bleeding." (*Id.* ¶ 36.) Once plaintiff was taken to a hospital, Evans, Golab, and Rider "interfered" by interrogating him while the hospital staff was attempting to treat him and caused the hospital to release him prematurely, resulting in and exacerbating injuries. (*Id.* ¶ 39-41.)

Plaintiff pleads Count III as a "deliberate indifference" claim under the Fourteenth Amendment, but the Court doubts whether that is the proper basis for the claim. "Deliberate indifference" is the standard for claims of denial of medical care brought under the Fourteenth and

9

Eighth Amendment, but "[t]he relevant legal standard for arrestees who have been seized but who have not yet had their probable cause hearing . . . comes from the Fourth Amendment, not the Fourteenth." *Currie v. Chhabra*, 728 F.3d 626, 631 (7th Cir. 2013).

Under the Fourth Amendment, in such circumstances, "[t]he issue is whether the state actor's 'response to [the arrestee]'s medical needs was objectively unreasonable' and 'caused the harm of which [the arrestee] complains.'" *Id.* (quoting *Ortiz v. City of Chi.*, 656 F.3d 523, 530 (7th Cir. 2011)). Four factors guide the objective reasonableness inquiry: "(1) whether the officer has notice of the detainee's medical needs; (2) the seriousness of the medical need; (3) the scope of the requested treatment; and (4) police interests, including administrative, penological, or investigatory concerns." *Ortiz*, 656 F.3d at 530. Plaintiff alleges that he had been shot in the head and was bleeding profusely, but certain defendants (White, Gochee, Delatorre and Mendez) proceeded to effect an arrest rather than provide medical attention, which exacerbated his bleeding, and that other defendants (Golab, Evans, and Rider) subsequently interfered with and cut short attempts to treat his wounds at the hospital. If plaintiff proves these allegations, a jury could surely find defendants' actions to have been objectively unreasonable (or even deliberately indifferent to a serious medical need, if that higher standard were to apply).

Plaintiff states a claim for failure to provide medical care following his arrest against defendants White, Gochee, Delatorre, Mendez, Golab, Evans, and Rider, so defendants' motion to dismiss Count III is denied as to these defendants. Although he names defendant Morrison in Count III, plaintiff does not make any specific allegations of denial of medical care against Morrison, so the motion is granted as to him. *See Lattimore*, 2018 WL 2183991, at *4.

## IV. *MONELL* CLAIMS

Plaintiff alleges that the City of Chicago has an "informal policy of encouraging its police officers to use unnecessary force in effecting arrests of male black citizens and to make false arrests of male black citizens," it "fails to train its police officers" not to make such improper arrests, and plaintiff's arrest is "merely one of many instances of such misconduct." (2d Am. Compl. ¶¶ 44-46.)

To state a claim of municipal liability based on an unconstitutional custom or policy under *Monell*, 436 U.S. at 694, plaintiff must "'plead[] factual content that allows the court to draw the reasonable inference' that the City maintained a policy, custom, or practice" that caused a deprivation of his constitutional rights. *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). "An official policy or custom may be established by means of [1] an express policy, [2] a widespread practice which, although unwritten, is so entrenched and well-known as to carry the force of policy, or [3] through the actions of an individual who possesses the authority to make final policy decisions on behalf of the municipality or corporation." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012).

Plaintiff identifies no express policy or final policymaker, so his claim of an "informal policy" apparently falls within the category for practices so widespread and deeply entrenched that, though unwritten, they carry the force of policy. But plaintiff's purely conclusory allegation that his arrest is "merely one of many instances of such misconduct" is insufficient. Plaintiff must provide "some specific facts" to support his claim, *McCauley*, 671 F.3d at 616 (citing *Brooks*, 578 F.3d at 581), and "the Seventh Circuit has made clear that isolated incidents are insufficient to establish a practice or custom under *Monell*." *Copeland v. Johnson*, No. 18-CV-3780, 2019 WL 4694786, at *6 (N.D. Ill. Sept. 26, 2019) (citing *Gable v. City of Chi.*, 296 F.3d 531, 538 (7th Cir.

11

2002) and *Cornfield by Lewis v. Consol. High Sch. Dist. No. 230*, 991 F.2d 1316, 1326 (7th Cir. 1993)).  Plaintiff does not make any specific, non-conclusory factual allegations to support an inference of a widespread practice other than to allege that he, himself, suffered a constitutional deprivation.  That is the sort of conclusory allegation of an isolated incident that falls short of the *Twombly/Iqbal* standard, *see Copeland*, 2019 WL 4694786, at *6, because, rather than "plausibly suggesting . . . an entitlement to relief," it is "merely consistent with" it, *see McCauley*, 671 F.3d at 616 (citing *Twombly*, 550 U.S. at 557).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [90] is granted in part and denied in part.  The motion is granted as to the false arrest claim against all defendants other than White and Delatorre; the denial of medical care claim against Morrison; any claim against Brubaker; and the *Monell* claim.  It is otherwise denied.  Plaintiff may file an amended complaint, if desired, by November 23, 2019.

**SO ORDERED.**                                    ENTERED: October 28, 2019

_____
**HON. JORGE ALONSO**
**United States District Judge**