**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS BISHOP, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-cv-6040 |
| | ) | |
| v. | ) | Hon. Jorge Alonso |
| | ) | |
| JOSEPH WHITE *et al.*, | ) | Hon. Jeffrey Gilbert |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO QUASH THE DETECTIVE DEFENDANTS'
SUBPOENA SEEKING PLAINTIFF'S RECORDED PHONE CALLS**

Plaintiff Thomas Bishop respectfully moves to quash the subpoena issued by the Chicago Police Department Detective Defendants, pursuant to Federal Rules of Civil Procedure 26 and 45. In support of this motion, Plaintiff states as follows:

**INTRODUCTION**

On October 23, 2014, Plaintiff Thomas Bishop was walking home from his grandmother's house, unarmed and alone, when he was shot by Defendant Joseph White in the back of the head and neck. Plaintiff did not pose any threat to the Defendants or the public, and there was absolutely no justification for the use of lethal force against Plaintiff. To cover up this wrongful use of force, the Defendants framed Plaintiff for a shooting and murder he did not commit. Plaintiff was incarcerated for over four years at Cook County Jail while he faced a possible life sentence. Plaintiff was eventually acquitted, and he brought this civil suit under § 1983 to seek redress for the over four years that were stolen from him, as well as the lasting physical and emotional injuries he suffered.

Detective Defendants now seek from the Cook County Department of Corrections recordings and corresponding call logs of every single phone call that Plaintiff placed during the

over four years he was incarcerated from October 2014 through November 2018. Ex. A (seeking Plaintiff's recorded calls and the corresponding call logs). This includes calls with his attorneys and his minor children, as well as his wife, who was battling and eventually died from cancer. Because the subpoena amounts to a fishing expedition that invades Plaintiff's privacy interests in the calls and seeks privileged information, the subpoena should be quashed. *See Pursley v. City of Rockford*, No. 18 CV 50040, 2020 WL 1433827, at *2 (N.D. Ill. March 24, 2020); *DeLeon-Reyes v. Guevara*, Case No. 1:18-cv-01028, 2020 WL 3050230 (N.D. Ill. June 8, 2020); *Simon v. Northwestern Univ.*, Case No. 1:15-cv-1433, 2017 WL 66818 (N.D. Ill. Jan. 6, 2017); *Coleman v. City of Peoria,* Case No. 15-cv-1100, 2016 WL 3974005 (C.D. Ill. July 22, 2016); Ex. B (2/12/19 Order in *Montanez v. Guevara*, No. 17-cv-4560 (N.D. Ill.)) (granting motion to quash subpoena to IDOC for all recorded phone calls and requiring a narrowed subpoena for call logs).

## RELEVANT FACTUAL BACKGROUND

On Friday, July 31, 2020, the parties conferred regarding the subpoena at issue here. Plaintiff's counsel proposed that defense counsel serve an amended subpoena seeking only the logs of Plaintiff's calls during the period he was incarcerated, and that the parties then confer regarding the log to determine if they can reach agreement regarding the production of a subset of calls. Defendants did not agree to this proposal. Detective Defendants served the subpoena that same day, along with a letter instructing the Cook County Department of Corrections not to produce the records sought until the Court resolved this forthcoming motion to quash.

## ARGUMENT

Although the Federal Rules provide for broad discovery, it is well established that "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). These boundaries limit the scope of a subpoena

just as they limit the scope of discovery generally under Federal Rule of Civil Procedure 26. *See DeLeon-Reyes*, 2020 WL 3050230, at \*3; *Coleman*, 2016 WL 3974005, at \*3.

Rule 45(d)(3)(A)(iii-iv) provides that "the court for the district where compliance is required must quash or modify the subpoena that . . .[1] requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . [2] subjects a person to undue burden." Fed. R. Civ. P. 45 (d)(3)(A)(iii-iv). For the purpose of this rule, a subpoena may subject a person to an "undue burden" if his privacy interests are implicated by the subpoena. *Jump v. Montgomery Cty.*, No. 13-3084, 2015 WL 6558851 (C.D. Ill. Oct. 29, 2015) (subpoena to a phone company for a customer's phone records posed an undue burden to the customer). "When a party objects to a subpoena under Rule 45, the subpoenaing party must justify its pursuit." *Wilson v. O'Brien*, No. 07 C 3994, 2009 WL 763785, \*7 (N.D. Ill. 2009) (alterations and internal quotation marks omitted).

Courts in the Northern District of Illinois have repeatedly held that subpoenas like this one—which indiscriminately seek a party's calls recorded during his incarceration—infringe on the party's privacy interests and should be quashed. Because Detective Defendants seek over four years of Plaintiff's recorded calls without limitation and based on speculation that production of those calls will reveal relevant information, the Court should quash their subpoena.

**1. Plaintiff Has Standing To Quash The Detective Defendants' Subpoena**

As a preliminary matter, Plaintiff has standing to object to the production of every single one of his recorded phone conversations made over a period of more than four years. *See, e.g. Simon*, 2017 WL 66818, at \*2. A party has standing to quash a subpoena issued by another party to the litigation and directed to a non-party in two instances: if the movant has a claim of privilege attached to the information sought or the subpoena implicates the movant's personal or

3

privacy interests. *Special Markets Ins. Consultants, Inc. v. Lynch*, No. 11 C 9181, 2012 WL 1565348, at *1 (N.D. Ill. May 2, 2012); *HTG Capital Partners, LLC v. Doe(s)*, No. 15 C 02129, 2015 WL 5611333, at *3 (N.D. Ill. Sept. 22, 2015) ("a non-recipient can object when she has a claim of privilege or when the subpoena implicates her privacy interests"). This is true even where the party's privacy interests in the records sought are minimal. *Sunlust Pictures, LLC v. Does 1-75*, 2012 WL 3717768, at *2 (N.D. Ill. Aug. 27, 2012) ("Courts have found standing . . . even where the Movant's privacy interest is minimal at best."); *Simon*, 2017 WL 66818, at *2.

Courts in this district have repeatedly held that a plaintiff has standing to challenge a subpoena to a third-party for calls recorded during his incarceration. In *Simon*, the plaintiff sued Northwestern University and individuals associated with the university's innocence project, alleging that defendants caused his wrongful conviction and incarceration. 2017 WL 66818, at *1. The defendants issued a subpoena to IDOC seeking the plaintiff's phone calls for a 15-year period of time. *Id*. at *2. The plaintiff moved to quash. The district court found that the plaintiff enjoyed standing to challenge the subpoena, writing:

> The court finds that Simon [plaintiff] has the minimal privacy interest necessary to challenge the subpoena. The production of every single phone call over the fifteen years Simon was incarcerated undoubtedly will yield details unrelated to the instant litigation. This court doubts, for example, Simon anticipated his remarks to a friend about the weather, slights uttered in a heated lover's quarrel, or any unrelated conversation ranging from the most benign topics (the former) to the most intimate (the later) would find its way as an exhibit in this lawsuit. Accordingly, Simon has standing to move to quash the subpoena.

*Id*. at *2. Similarly, in *Coleman,* the district court held that prisoners enjoy a privacy interest in their recorded phone calls since they would reasonably expect access to recordings of their telephone calls to be limited to prison officials, law enforcement officials, and other public officers with a bona fide need for such access. 2016 WL 3974005, at *3; *see also, e.g.*, *Pursley*,

4

2020 WL 1433827, at *2 (concluding "Plaintiff has standing to move to quash the subpoena based on his privacy interests" in the recorded calls he made or received while incarcerated).

Due to his wrongful imprisonment, Plaintiff had no choice but to have his phone calls with his attorneys, friends, family members, and loved ones recorded. Just like the plaintiffs in *Simon*, *Coleman*, and *Pursley*, Plaintiff here enjoys a privacy interest in over 4 years of recorded phone calls made during his wrongful incarceration. Moreover, Plaintiff's recorded calls with his attorneys are protected by privilege. He therefore has standing to challenge this subpoena.

## 2. The Subpoena Improperly Seeks Plaintiff's Private Information

Detective Defendants' subpoena seeks recordings of every call Plaintiff had during the over-four-year period he was incarcerated for a crime of which he was ultimately acquitted. Such a request is grossly intrusive of Plaintiff's privacy.

Because of his wrongful prosecution, Plaintiff was utterly deprived of the ability that every free person enjoys to hold personal conversations behind closed doors. Plaintiff and his family, friends, and loved ones were left without an alternative to monitored calls, although they assuredly would have preferred otherwise. Plaintiff and his loved ones experienced significant and often sensitive life events while he was incarcerated, including his wife's fight with cancer, which she ultimately lost, and his son's heart attack. Plaintiff's only option to discuss these matters and maintain his most important relationships was over monitored calls. Moreover, although Plaintiff was aware that his calls at the Cook County Jail might be monitored for security purposes, he never imagined those calls would be heard by anyone other than security personnel. Plaintiff knew he was not doing anything on those calls constituting a security threat; anyone at the Jail who heard his calls would move on to more serious matters. Weighing that low risk against the value of maintaining personal connections, including with his minor children,

Plaintiff decided to make phone calls anyway. That decision hardly amounts to a wholesale waiver of any privacy interest in those calls. *See City of Ontario, Cal. v. Quon*, 560 U.S. 746, 762 (2010) (employee may have an expectation of privacy in the content of communications sent over employer-issued pagers); *United States v. Daniels*, 902 F.2d 1238, 1244-45 (7th Cir. 1990) (observing that a prison inmate's knowledge that his phone calls might be monitored does not amount to consent to having those calls recorded for all purposes); *Smith v. Maryland*, 442 U.S. 735, 749 (1979) (Marshall, J., dissenting) ("Privacy is not a discrete commodity, possessed absolutely or not at all. Those who disclose certain facts to a bank or phone company for a limited business purpose need not assume that this information will be released to other persons for other purposes.").

### 3. Defendants Have Failed To Show That The Alleged Recordings Contain Evidence Relevant To The Litigation

To overcome Plaintiff's significant privacy interests in the recordings of every call he engaged in over a four-year period, Detective Defendants must show the benefit of production outweighs the burden of compliance. *Simon*, 2017 WL 66818, at *3. They cannot do so here, so the subpoena must be quashed.

During the parties' meet-and-confer, Plaintiff's counsel suggested that Defendants issue an amended subpoena for the logs of Plaintiff's calls, and then confer again regarding what subset, if any, might be likely to lead to information relevant to this case. Defense counsel refused this proposal, explaining that every call could potentially be probative. Defendants' cavalier attitude about the breadth of their request highlights that they are operating  based on pure speculation—Detective Defendants do not know who Plaintiff had calls with or even how many calls he had, they simply wish to dive in and hope to find information they can use against him. At the very least, it demonstrates an outright refusal to take any steps to tailor an overly

broad and intrusive discovery request in the face of Plaintiff's significant privacy interests. The caselaw fully supports Plaintiff's position that such a "broad fishing expedition" is improper. *Pursley*, 2020 WL 1433827 *3 (quoting *Simon*, 2017 WL 66818, at *4).

In *Simon,* the defendant, like the Defendants here, sought all of the plaintiff's recorded telephone calls for a 15-year period of time. The district court held that the defendant's broad discovery request did not outweigh Simon's privacy interest in the calls. *Id*. at *4. The court observed that the defendant had failed "to provide sufficient facts for the court to ascertain how all calls placed over the fifteen-year period of Simon's incarceration would either be relevant to the litigation or necessary to defend the claims against him." *Id.* The court observed that the defendant had failed to provide specific names, dates, times, or evidence that the calls are relevant to the litigation. *Id*.

Furthermore, the *Simon* court characterized the subpoena as a "broad fishing expedition" and contrasted it to the narrowly tailored subpoena at issue in *Coleman. Id.* at *3-4. In *Coleman*, also a wrongful conviction case, the defendants issued a subpoena to IDOC seeking recorded phone calls between the plaintiff and specific witnesses to the crime. In contrast to the subpoena in *Simon*, the *Coleman* subpoena individually listed the names of each person whose calls the requesting party believed would contain pertinent information. All of the callers at issue had previously given testimony in the underlying criminal matter. Further, deposition testimony revealed that the plaintiff had actually spoken to these individuals by telephone via third-parties while incarcerated. Under those specific circumstances, the *Coleman* court denied the motion to quash, finding that defendants had provided the necessary factual basis to justify the request. *Id*.

Relying on the distinction between *Simon* and *Coleman*, the court in *Pursley*, a wrongful conviction case, granted the plaintiff's motion to quash a subpoena for all recorded telephone

7

calls made or received by him over a six-year period of his incarceration. 2020 WL 1433827, at *1, 5. The court concluded that this expansive request was "more like the 'broad fishing expedition' in *Simon* than the 'more focused and narrowed request' in *Coleman*. *Id.* at *3 (quoting *Simon*, 2017 WL 66818, at *4). The *Pursley* court found the defendants' assertion that the plaintiff likely discussed his criminal and post-conviction proceedings while incarcerated showed they were engaged in impermissible "dart throwing" and was insufficient to "allow an unlimited subpoena." *Id.* In short, the defendants' decision to seek all calls based on speculation, rather than issue a particularized request targeted at likely relevant evidence, doomed their subpoena. *Id.* at *3-5. Similarly, in *Montanez v. Guevara* and *Serrano v. Guevara*, two related wrongful conviction cases involving Chicago police officers, the defendants issued a subpoena to IDOC seeking all of the plaintiffs' recorded IDOC calls over a 20-year period. *See* Ex. B. The plaintiffs moved to quash and the court granted the motion, ordering that a narrowed subpoena seeking call logs "would be more appropriate in this matter." *Id.*

The subpoena issued in this case suffers from the same defect as the subpoenas issued in *Simon*, *Pursley*, and *Montanez*, as it seeks years' worth of recorded calls without providing any factual basis to show the potential relevance of the calls. The subpoena does not identify which calls Detective Defendants are specifically seeking, the identity of any particular individuals of interest, when the calls were placed or the nature of the calls.

During the meet-and-confer, Detective Defendants alleged that they believe the subpoena would lead to evidence that Plaintiff was tampering with witnesses. This is speculation, and it cannot support a blanket right to listen to what is likely thousands of Plaintiff's calls. *See Pursley*, 2020 WL 1433827, at *1 (noting that a subpoena for the plaintiff's calls over a six-year period led to the production of over 3,000 calls). While incarcerated, Plaintiff called his

8

wife, children, and close friends to discuss topics that have nothing to do with his criminal proceedings or this civil litigation. Some of these calls are highly intimate. Detective Defendants' fishing expedition simply cannot support their unlimited subpoena. Consistent with the courts' decisions in *Simon*, *Pursley*, and *Montanez,* this request is simply overbroad and an infringement on Plaintiff's privacy interest in the calls. It should be quashed.

### 4. The Subpoena Improperly Seeks Privileged Information

Because Defendants have imposed no limitations on the calls they seek through their subpoena, the request is broad enough to reach privileged communications, including calls between Plaintiff and his attorneys. This is improper. Indeed, a motion to quash must be granted where the subpoena seeks information protected by a privilege held by the party. *Piercy v. Wilhelmi*, No. 16-MC-1008, 2016 WL 3034149, at *1 (C.D. Ill. May 27, 2016); *United States v. Newell*, 192 F.R.D. 587, 589 (N.D. Ill. 2000); *Memorylink Corp. v. Motorola, Inc.*, No. 08 C 3301, 2010 WL 3167277, at *3 (N.D. Ill. Aug. 6, 2010), aff'd, 468 F. App'x 960 (Fed. Cir. 2011) (holding that Rule 45 governs the issuance of subpoenas and provides that the court must "must quash or modify a subpoena" that "requires the disclosure of privileged or other protected matter, if no exception or waiver applies.").

The attorney-client privilege protects communications made in confidence by a client to an attorney for the purpose of obtaining legal advice. *Sandra T.E. v. South Berwyn School Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2010). This privilege applies even to recorded phone calls made from a prisoner to his attorney, if the prisoner has no access to a private, nonrecorded line and intends the communications to be privileged. *See, e.g., United States v. White*, 970 F.2d 328, 334 (7th Cir. 1992) (privilege attaches when client intends communications to be confidential); *Simon*, 2017 WL 66818, at *5 (acknowledging that the Seventh Circuit has not decided whether

9

attorney-client privilege applies to recorded prison phone calls, and suggesting attorney-client privilege may apply if there was some "impediment to [the prisoner's] access to unrecorded calls"); *Pursley*, 2020 WL 1433827, at \*5 (same); *see also* Ex. C (10/9/19 Order in *Prince v. Kato*, No. 18-cv-2952 (N.D. Ill.) (suggesting that whether the attorney-client privilege and psychotherapist privilege applied to the recordings at issue or had been waived depended on the specific circumstances of the calls). Here, Plaintiff participated in numerous calls with his attorneys over the four years he was incarcerated before his acquittal, and he has not waived his privilege over those communications in this civil case. Plaintiff engaged in these calls because he understood there was no way to hold unrecorded legal call with his attorneys while he was incarcerated at the Cook County Jail. *Cf. Simon*, 2017 WL 66818, at \*5 (finding the attorney-client privilege waived with regard to the recorded calls because "Simon was aware he had the option to arrange an unrecorded call").

Thus, at a bare minimum, Rule 45 requires this Court to quash this subpoena as to Plaintiff's communication with his attorneys.[1] FED. R. CIV. P. 45(d)(3) (court "must quash or modify" the subpoena when it seeks information protected by attorney-client privilege); *Piercy v. Wilhelmi*, No. 16-MC-1008, 2016 WL 3034149, at \*1.

### 5. There Is an Easy Solution to the Subpoena's Over-Breadth

To the extent the Court does not quash the subpoena outright, Plaintiff requests the Court grant Detective Defendants leave to issue an amended subpoena for the logs of Plaintiff's calls during his incarceration. Detective Defendants may then narrow the list of possibly relevant and non-privileged calls using the call log and Plaintiff's counsel can review those calls, produce those that are indeed discoverable, and prepare a privilege log for those that are not. The parties

---

[1] Should this Court conclude that any attorney-client communications are not protected by privilege, Plaintiff requests that this Court review them *in camera* for a determination about their relevance.

can confer over any disputes and seek the Court's assistance, if necessary. This commonsense approach assures that Defendants will receive any relevant communications, prevents unwarranted intrusion to irrelevant personal matters, and does not prejudice Defendants in any way.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests an order quashing the subpoena attached as Exhibit A and awarding any other relief the Court deems just and appropriate.

Dated: August 12, 2020

Respectfully submitted,

BY:  /s/ Megan Pierce
*One of Plaintiff's Attorneys*

Jon Loevy
Arthur Loevy
Steven Art
Alison Leff
Megan Pierce
311 N. Aberdeen Street
3rd Floor
Chicago, IL 60607
T: (312) 243-5900
F: (312) 243-5902
Megan@loevy.com

Scott T. Kamin
Ill. Attorney No. 6226855
Law Offices of Scott T. Kamin
53 W. Jackson Blvd., Suite 1057
Chicago, IL 60604
T: (312) 322-0077
scotttkamin@aol.com

## CERTIFICATE OF SERVICE

I, Megan Pierce, an attorney, hereby certify that on August 12, 2020 I caused the foregoing document to be electronically filed, which will send a Notice of Electronic Filing to all counsel of record.

*s/ Megan Pierce*
*One of Plaintiff's Attorneys*
